# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KASIA JORDAN, | )<br>) |
| Plaintiff, | ) Civil Action No. 2:14-cv-01186<br>) |
| v. | ) Judge Mark R. Hornak<br>) |
| KENNETH LAW OFFICE and EVAN W. WOLFSON, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Kasia Jordan has been granted permission to proceed as the Plaintiff in this case *in forma pauperis* ("IFP"). That means that the Court is duty bound to carefully examine the Complaint, also filed *pro se*, to determine whether, viewed in a light most favorable to the Plaintiff, it plausibly states a claim for relief. *See Detar v. U.S. Government*, 2014 WL 517715 at *2 (W.D. Pa. Feb. 7, 2014). After doing so, the Court is constrained to conclude that the Complaint here fails that test in two big ways. First, it does not demonstrate any basis for this Court's exercise of subject matter jurisdiction, nor does it appear to set forth any plausible claim for relief.

It appears that the Plaintiff resides in Turtle Creek, Pennsylvania. Two Defendants are sued. The first is "Kenneth Law Office" and the second is Evan W. Wolfson, who appears to be a lawyer with that law office. The Complaint says the law office is located in Amherst, New York, but that Mr. Wolfson is a resident of Pennsylvania. ECF No. 5 at 3. The Complaint appears to allege that there was some sort of falling out between the parties in the midst of an attorney-client relationship about involving a "tenant council".

What is certain is that there is nothing in the Complaint that would reveal in any way, shape or form the existence of a claim arising under the Constitution, laws or treaties of the United States, such that "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 would obtain, nor is there anything about the Complaint that would reveal the application of some form of more specialized District Court jurisdiction under the Judicial Code.

That leaves "diversity" jurisdiction pursuant to 28 U.S.C. § 1332. That, of course, requires that the Plaintiff be a citizen of a state different from the states of citizenship of all Defendants. *Barbiero v. Kaufman*, 2014 WL 4536599 at *2 (3d. Cir. Sept. 15, 2014). The face of the Complaint reveals that both the Plaintiff and the Defendant Mr. Wolfson are each citizens of Pennsylvania. That means that there is not the necessary complete diversity, which means that this Court does not have the power to hear this case.[1]

The Court would also note that its examination of the Complaint does not reveal a plausible claim for relief, but given that the Court is without jurisdiction to hear this case, it need not conclusively resolve that issue. The case will therefore be dismissed without prejudice for lack of subject matter jurisdiction. This ruling, of course, does not affect (one way or the other) the Plaintiff's ability to refile this case in the appropriate state court.

An appropriate Order will follow.

Mark R. Hornak
United States District Judge

Dated: September 25, 2014

cc: All counsel of record

---

[1] The Complaint also does not reveal any factual basis to conclude that the amount in controversy is in excess of $75,000, exclusive of costs and interest, as is also required by 28 U.S.C. §1332.

2